

# The Attorney General of Texas

JIM MATTOX
Attorney General

February 16, 1984

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-125

Re:  Constitutionality of rules
of Texas State Board of Medical
Examiners relating to acupunc-
turists

Dear Ms. Moore:

You have requested our opinion as to whether the current
regulations of the Texas State Board of Medical Examiners concerning
the practice of acupuncture violate the constitutional rights of
acupuncture patients and practitioners.  We find that four of the
regulations do not meet the "reasonable relationship test."

The  Medical  Practices  Act,  article  4495b,  section  1.03,
subsection 8(A), V.T.C.S., defines as "practicing medicine" those

> who shall diagnose, treat, or offer to treat any
> disease or disorder, mental or physical, or any
> physical deformity or injury by any system or
> method and to effect cures thereof and charge
> therefor, directly or indirectly, money or other
> compensation.

For  purposes  of  this  opinion,  we  will  assume  that  this  definition
encompasses all who perform acupuncture for compensation.  Thompson v.
Texas  State  Board  of  Medical  Examiners,  570  S.W.2d  123,  127,  (Tex.
Civ.  App.  –  Tyler  1978,  writ  ref'd  n.r.e.),  citing  several
out-of-state  decisions,  held  that  acupuncture  was  within  the
definition of practicing medicine.  Nevertheless, a number of other
healing  arts  or  professions  which  otherwise  would  constitute  the
practice  of  medicine  have  been  excluded  from  the  definition  of
"practicing medicine" by the legislature.  See, e.g., articles 4512(b)
(chiropractors);  4512c  (psychologists);  4512d  (athletic  trainers);
4512e  (physical  therapists);  4513-4528c  (nurses);  4542a  (pharmacists);
4543-4551h    (dentists);    4552-1.02    (optometrists);    4567-4575a
(podiatrists),  V.T.C.S.  Acupuncture  has  not  been  so  excluded.

The  Texas  State  Board  of  Medical  Examiners  is  charged  with  the
primary  responsibility  for  regulating  the  practice  of  medicine,  and

has the authority to issue regulations concerning acupuncture. V.T.C.S. art. 4495b. The question raised by your letter is whether 22 Texas Administrative Code, sections 183.1-183.12 meet constitutional standards. These sections establish a system in which physicians supervise acupuncturists. In addition to giving the physician general responsibility for the acupuncture practitioner, the regulations are very specific in regard to the place and manner of the supervision. Among the requirements of the regulations are the following: (1) the acupuncturist is not allowed to work in a location "physically separate" from the supervising physician, 22 T.A.C. §183.6(a); (2) a physician may supervise only one acupuncturist, 22 T.A.C. §183.7; (3) there may be no separate billing for services rendered by the acupuncturist, 22 T.A.C. §183.5; and (4) an acupuncturist must wear a name tag with printing at least 3/8 inches in height with the designation "Mr., Miss, Mrs. or Ms." and surname plus "acupuncturist." 22 T.A.C. §183.4(c).

The "reasonable relationship test" is the basic constitutional standard for determining whether state statutes and regulations comply with the Fourteenth Amendment to the United States Constitution. The reasonable relationship test requires that regulations and statutes be rationally related to a constitutionally permissible purpose. Vance v. Bradley, 440 U.S. 93 (1979); San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973). In the case of the board's regulations regarding acupuncture, protection of the public health is unquestionably a permissible purpose. Thus, here the only issue under this test is whether the board's regulations are reasonably calculated to effect that purpose.

In Wensel v. Washington, (D.C. Super. Ct. 1975), reprinted as the appendix to Lewis v. District of Columbia Commission on Licensure to Practice the Healing Art, 385 A.2d 1148, 1154 (D.C. 1978), the court used the "reasonable relationship test" to examine regulations which permitted only a licensed physician or someone under the direct and immediate supervision of a licensed physician to perform acupuncture and required that the acupuncturist not receive fees from patients but instead be an employee of the supervising physician. The parallels to the Texas regulations are quite obvious. The court in Wensel found that local medical schools did not train physicians in acupuncture and that doctors in the District of Columbia did not have skill and knowledge in the area. The court also found that the acupuncture regulations, which purported to protect the public health, in fact authorized licensed physicians to administer or supervise acupuncture treatment, notwithstanding their total lack of knowledge of acupuncture, and prevented knowledgeable and skilled individuals from practicing the art. The court held that under such facts the entire body of regulations was without a rational basis and therefore violated the due process clause of the United States Constitution.

The court in Andrews v. Ballard, 498 F. Supp. 1038, 1051 (S.D. Tex. 1980), which held unconstitutionally void earlier regulations of the Texas Board of Medical Examiners respecting acupuncture, found that "Texas medical schools . . . do not presently offer formal training in either the theory or practice of acupuncture." You state that this continues to be the case. 22 Texas Administrative Code, sections 183.1-183.12 require that a supervising physician submit information on his or her professional background, including medical education, internship, residency, hospital staff positions, and "such other information the board deems necessary, especially including his or her familiarity with the practice of acupuncture." However, you state that the board approves supervising physicians without actually examining or testing their knowledge of or competency in the field of acupuncture. This failure of the board to examine or test sponsoring physicians' competence in the particular field of acupuncture and the continuing absence of formal training in acupuncture in the state's medical schools parallel the fact findings of the court in Wensel that resulted in the invalidation of acupuncture regulations of the District of Columbia.

These facts become of greater constitutional significance when they are viewed in the context of the four specific provisions of the Texas regulations which were referred to above. We can find no rational relationship between protecting the public health and (1) restricting an acupuncturist from having "an office independent of or physically separate from the supervising physician" without a relevant description of the work prohibited in that office or regardless of the proximity of the office to the supervising physician and his ability to supervise, (2) allowing only one acupuncturist per supervising physician, without regard to the physician's competence, (3) preventing separate itemized billing for acupuncturist services, or (4) compelling the wearing of lapel pins. Hence, the respective Texas Administrative Code provisions, i.e., the last sentence of subsection (a) of section 183.6, the first sentence of section 183.7, section 183.5, and subsection (c) of section 183.4, are void on their face. When regulations such as these are coupled with a regulatory scheme in which there is no meaningful examination into the competency of the sponsoring physician in the particular field of acupuncture and apply in a state whose medical schools offer no formal training in acupuncture, then, as in Wensel, the regulations as a whole may not be reasonably related to safeguarding the public health and could therefore be unconstitutional in their entirety.

## S U M M A R Y

Four specific Board of Medical Examiners Regulations, concerning acupuncture, 22 Texas Administrative Code, sections 183.4(c), 183.5 the last sentence of section 183.6(a), and the first

sentence of section 183.7, are in violation of the Fourteenth Amendment of the United States Constitution because there is no rational relationship between them and the protection of the public health.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl